Emergency Association of Southwestern Penn, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs, May 11, 1979, to Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Lee P. Symons,* for petitioner.

*Betty F. Perry,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 25, 1979:

Petitioner Emergency Association of Southwestern Penn appeals from an order of the Hearing and Appeals Unit of the Pennsylvania Department of Public Welfare (DPW), which affirmed the decision of that department's Bureau of Medical Assistance denying separate or additional payments to petitioner for outpatient medical services performed in the emergency rooms of hospitals with which petitioner has contracted to provide the physician component of emergency room operations.

Petitioner, a professional corporation, is under contract to provide physician services to the emergency rooms of three hospitals in the Pittsburgh area. For almost two years before March 16, 1977, DPW had honored invoices submitted by petitioner which represented emergency room services rendered to medical assistance recipients in the three hospitals. Contemporaneously, DPW was reimbursing the hospitals directly by honoring the hospital's invoices with respect to the same occasions.

By letter dated March 16, 1977, DPW informed the hospitals that the previous payments to petitioner were erroneous, and that DPW would pay future reimbursement only to the hospitals, the physician group being ineligible under the pertinent DPW regulations.

Under its contracts with the hospitals, petitioner is to provide only the *physician component* of emergency room services, as distinct from assuming *the complete operation* of the emergency room. Petitioner in its brief acknowledges that of approximately one hundred seventy-five (175) hospital emergency rooms in Pennsylvania, in only four (4) is the complete operation in the hands of group practice physicians.

On these facts, this case so closely parallels *Forbes Health System and Geoffrey M. Hosta and Associates v. Commonwealth of Pennsylvania, Department of Public Welfare,* 43 Pa. Commonwealth Ct. 609, 403 A. 2d 625 (1979), that we find that decision controlling. There, as here, a professional medical corporation contracted with a hospital to provide physician coverage of the hospital's emergency rooms; likewise, DPW made similarly allegedly "duplicate" payments to both the hospital and the professional corporation as reimbursement for the same instances of emergency room treatment rendered to Medical Assistance recipients. Upon analysis of the same regulations as are in question here, this court held in favor of the petitioning hospital and professional corporation. It is on that basis that we reverse the decision of the Department of Welfare, and remand the case for further consistent action.

We note a seeming paradox, in that the physician group here has attacked the validity of the same regulations which this court interpreted in *Forbes, supra,* to the benefit of the physicians in that case. However, in view of our decision for petitioner here, there is no need to decide those validity questions.

602

Accordingly, we reverse the decision of the Department of Publc Welfare and remand the case for further action by that department.

ORDER

AND Now, this 25th day of October, 1979, the order of the Department of Public Welfare, dated August 9, 1978, is reversed and the case is remanded to that department for further consistent action.